Jay T. Boyer, appellant, v. Edvert H. Aden and
Calvin H. Gullion, County Clerk of Gage County,
Nebraska, and Election Commissioner, appellees.

486 N.W.2d 22

Filed July 10, 1992.   No. S-89-1256.

Lyle Joseph Koenig for appellant.

Roger L. Harris, of Dalke, Smith & Harris, for appellee
Aden.

Randall L. Goyette, of Baylor, Evnen, Curtiss, Grimit &
Witt, for appellee Gullion.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan,
Grant, and Fahrnbruch, JJ.

White, J.

Appellant, Jay T. Boyer, brings this action to set aside the
results of an election held in Gage County on November 8,
1988. Appellee Edvert H. Aden was the successful candidate in

his bid for county supervisor of the sixth district of Gage County. Boyer, the only other declared candidate, alleges that illegal votes were received and counted in that election. The district court found no misconduct and ordered appellant to pay the costs of the action.

## FACTS

Appellant's name was the only name on the ballot for county supervisor in the above-mentioned election. Appellee Aden was a declared write-in candidate, who campaigned extensively door-to-door in Wymore, Nebraska, and took out an advertisement in the Wymore newspaper. In the ad was an illustration of a ballot with Aden's name printed on the line under Boyer's name and with the oval next to the line filled in completely. Election Commissioner Calvin H. Gullion, the other appellee, posted voting instructions at two Wymore polling wards that provided, in pertinent part: "To write in a name—you must blacken the oval . . . and write the name on the line provided, where applicable." The words "[t]o write in" and "must" were printed in darker and larger type than the rest of the text, therefore specifically emphasizing those words. Aden won the election by a 69-vote margin.

Parties stipulated at trial that neither party had engaged in wrongdoing. Appellant contends that (1) no state law has been identified requiring that voters be informed about a write-in and that (2) Gullion did not contact the Secretary of State about the instructions and therefore did not have approval for their use.

## ASSIGNMENTS OF ERROR

Appellant Boyer alleges that the district court erred in not finding that illegal votes were received or that there were illegal votes sufficient to influence the outcome of the election.

## DISCUSSION

The case law surrounding this case, while not recent, is nevertheless solid—and more importantly, legally and logically sound. This court has adopted and adhered to a commonsense approach to election-result contests:

We do not believe that courts should adopt and apply

arbitrary rules which will determine elections upon the basis of chance. This court will not substitute its judgment for that of the electorate as declared by the proper authorities unless the record shows clearly what the result of the election should be.

*State ex rel. Brogan v. Boehner*, 174 Neb. 689, 698, 119 N.W.2d 147, 153 (1963).

Clearly, appellant has the burden of proving that the illegal votes were cast and that those votes altered the results of the election sufficiently to affect the outcome. We said in *Mehrens v. Election Canvassing Board*, 134 Neb. 151, 154, 278 N.W. 252, 253 (1938):

Contestant, in making his case on the controverted issue that illegal votes sufficient to change the result of the election were placed in the ballot box and counted, was required to prove both the illegal voting and the candidates for whom the illegal votes were cast. *White v. Slama*, 89 Neb. 65, 130 N.W. 978 [1911]; *Mosiman v. Weber*, 107 Neb. 737, 187 N.W. 109 [1922]. There is no evidence to identify any candidate for whom illegal votes were cast.

Appellant contends that the instructions set forth in Neb. Rev. Stat. §§ 32-451 and 32-4,142 (Reissue 1988) are the only ones authorized to be displayed at a polling place. These statutes provide that the county clerk or election commissioner of each county shall cause the instructions to be printed in large type on cards.

We have previously held that statutory provisions regulating the conduct of an election are directory only when they are not essential to a fair election and they are not made mandatory by the statute itself. It is not the policy of the law to disenfranchise voters who have complied with the mandatory provisions of the law because of mistakes, negligence, or misconduct of election officials. *Haggard v. Misko*, 164 Neb. 778, 83 N.W.2d 483 (1957). See *Greathouse v. School District*, 155 Neb. 883, 54 N.W.2d 58 (1952).

The record and case law simply do not support appellant's contentions. We find that no illegality or unfairness was committed by election officials in the function of providing

instructions on the voting procedure in regard to write-in candidates. No name was mentioned on the instruction posting, and absent evidence to the contrary, we cannot infer that the instruction was in any way suggestive. No fraud was committed in the conducting of this election. Due to our holding that no illegal votes were received, we do not address the issue of the sufficiency of illegal votes to alter the outcome.

Both of appellant's assignments of error must fail, and thus, we affirm the finding of the district court in its entirety.

AFFIRMED.